UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ROBERT DOMSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>BEHR PROCESS CORP., BEHR PAINT CORP., MASCO CORP., THE HOME DEPOT, INC., and HOME DEPOT U.S.A., INC.,<br><br>Defendants. | NO. 3:17-cv-06060-MJP<br><br>**STIPULATED MOTION AND ORDER TO STAY CASE**<br><br>**NOTE ON MOTION CALENDAR**<br><br>**May 31, 2018** |

I. **STIPULATION**

Subject to approval of this Court, Plaintiff Robert Domson and Defendants Behr Paint Corp., Behr Process Corporation, Masco Corporation (collectively, "Behr"), The Home Depot, Inc. and Home Depot U.S.A., Inc. (collectively, "Home Depot"), by and through their attorneys, hereby stipulate and request an order staying this case, including all deadlines for discovery and other matters, pending a decision on the motion for preliminary and final approval of a class action settlement involving three related actions before other district courts (*Anderson v. Behr Process Corp.*, Case No. 1:17-cv-08735 (N.D. Ill.); *Bishop v. Behr Process Corp.*, Case No.

1:17-cv-04464 (N.D. Ill.); and *In re Behr*, Case No. 8:17-cv-01016 (C.D. Cal.)) ("Settled Cases").

## II. BACKGROUND

On May 1, 2018, plaintiffs in *Bishop* filed an amended complaint that incorporated the named plaintiffs in *In re Behr* and *Anderson*. *See* Am. Compl. (*Bishop* Dkt. #60) at ¶¶ 7-39. Shortly thereafter, on May 3, 2018, plaintiffs in *Bishop* filed a motion for preliminary approval of a class action settlement. *See* Mot. for Preliminary Approval (Bishop Dkt. #61) at *passim*.

Behr has represented that if the settlement agreement in *Bishop* is granted preliminarily approval, it would resolve all claims against all Defendants in this action. *See* Behr Mem. in Opp. to Mot. for Transfer and Consolidation, *In re: Behr DeckOver Marketing and Sales Practices Litigation*, MDL No. 2821 (Dkt. #30) at 1-2; Order Denying Transfer (MDL Dkt. #53) at 1.

On May 14, 2018, Plaintiff filed a motion to intervene in *Bishop*. *See* Plaintiff-Intervenor Robert Domson Motion to Intervene (*Bishop* Dkt. #73). The parties are briefing the motion to intervene and Judge Blakey has indicated that he will hear both the motion to intervene and the motion for preliminary approval on June 27, 2018. *See* Minute Order (*Bishop* Dkt. #78).

## III. AUTHORITY

The Court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Levya v. Certified Grocers of California*, 593 F.2d

857, 863 (9th Cir. 1979). In considering whether a stay is appropriate, a district court should consider (1) the possible damage that may result from granting a stay, (2) the hardship or inequity a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law expected to result from a stay. *See id.* at 864; *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Courts in the Ninth Circuit and across the country routinely stay actions pending the review and approval of class settlements in other district courts that would resolve all claims brought in those actions. *See Annunziato v. eMachines Inc.*, 2006 U.S. Dist. LEXIS 97020, *15-16 (C.D. Cal. 2006); *see also Albert v. Blue Diamond Growers,* 232 F. Supp. 3d 509 (S.D.N.Y. 2017); *Ali v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 26670, *7-9 (W.D.Okla. 2014); *Lindley v. Life Investors Ins. Co. of America*, 2009 U.S. Dist. LEXIS 94623, *11 (N.D.Okla. 2009); *In re RC2 Corp. Toy Lead Paint Products Liability Litigation*, MDL No. 1893, 2008 U.S. Dist. LEXIS 14121, *13-14 (N.D.Ill. 2008). If this case is stayed pending consideration of the *Bishop* Settlement, no Party will suffer any hardship. Plaintiff and all members of the proposed class in this case have the right to participate in the settlement or opt out of it to pursue his or her own litigation. And, any stay would be limited for any Plaintiff or any member of the proposed class who opts out of the *Bishop* Settlement. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 597 (1997).

In contrast, if this litigation continues, all Parties would face the prospect of incurring substantial and unnecessary litigation costs. *See Annunziato*, 2006 U.S. Dist. LEXIS 97020, *15-16 ("[I]f the Ohio state court approves the preliminary settlement, [litigants] would be saved from hundreds of hours spent on discovery and briefing in proceeding with this case….

Stipulated Motion to Stay Case - 3

this Court finds efficiency is best achieved by granting a … stay."). The Parties also acknowledge that the settlement will help resolve this litigation. Thus, the Parties agree that a stay of this action is appropriate, pending a decision on the motion for preliminary approval in *Bishop,* and, a decision on any forthcoming motion for final approval.

The Parties agree to keep this Court informed regarding the status of the settlement of the *Bishop* case by having Behr file a Status Report by July 13, 2018, and every 60 days thereafter, reporting on the progress of preliminary approval, notice, and final approval of the settlement.

## IV. CONCLUSION

Based on the above, the Parties hereby stipulate, agree and move, subject to the Court's approval, that:

1. This case should be stayed pending a decision on the motion for preliminary approval in *Bishop, et al., v. Behr Process Corporation, et al.*, Case No. 1:17- cv- 04464 (N.D. Ill.), and, if preliminary approval is granted, through a decision on any forthcoming motion for final approval;

2. Behr shall file a Status Report by July 13, 2018, and every 60 days thereafter, reporting on the progress of preliminary approval, notice, and final approval.

Stipulated and presented this 31st day of May, 2018.

//

//

Stipulated Motion to Stay Case - 4

| | |
|---|---|
| */s/ Eli T. Marchbanks* | /s/ *Caryn Geraghty Jorgensen* |
| Eli T. Marchbanks, WSBA No. 48064 | WSBA No. 27514 |
| 101 E. 8th Street, Suite 260 | Email: cjogensen@millsmeyers.com |
| Vancouver, WA 98660 | John Fetters WSBA No. 40800 |
| Phone: (360) 216-1098 | Email: jfetter@millsmeyers.com |
| Email:emarchbanks@navigatelawgroup.com | Mills Meyers Swartling |
| Attorney for Plaintiff Robert Domson | 1000 2nd Avenue, 30 FL |
| | Seattle, WA 98104 |
| | Phone: (206) 382-1000 |
| | Fax: (206) 386-7343 |
| | Attorneys for Defendants Home Depot, Inc. and Home Depot U.S.A., Inc. |

MORRIS MANNING & MARTIN

*By s/ Jeffrey Douglass*
Jeffrey Douglass, *Pro Hac Vice*
Robert Alpert, *Pro Hac Vice*
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA 30326, USA Phone: 404.233.7000
800-849-0970
Fax: 404.365.9532
Attorneys for Defendants Home Depot, Inc. and Home Depot U.S.A., Inc.

LATHAM & WATKINS LLP
*By s/ Kathleen P. Lally*
Kathleen P. Lally
One of the Attorneys for Defendant
Behr Process Corporation
Mark S. Mester
ark.mester@lw.com
kathleen.lally@lw.com
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700

Stipulated Motion to Stay Case - 5

## V. ORDER

It is so ordered.

Dated this 4th day of June, 2018.

*[signature]*

The Honorable Marsha J. Pechman
United States Senior District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of June, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which caused all CM/ECF participants to be served by electronic means.

DATED this 31st day of June, 2018.

                                          CARNEY BADLEY SPELLMAN, P.S.

                                          By*: s/ Andrea Williams*
                                              Andrea Williams, Legal Assistant